Ashburn, J.
Two issues are made by the pleadings. One on the averments in the answer denied by the reply; the other by the new matter alleged in the reply.
So much of the general charge of the court as relates to the issues made by the pleadings is confined exclusively to the issue made in the answer, and if this was the only issue and presented the only question material in the case, the •charge would be unexceptionable. ¥e think there were other issues and material facts in the case, made by the pleadings and testimony, not alluded to in the general charge, and which would have been, in a measure', covered by some of the requests asked by defendant below and refused.
This will more clearly appear by a statement of some of the prominent facts in the case. The new matter averred in the reply was a consideration for the note different from that alleged in the answer, and, as the case was developed by the evidence, involved the authority of Slusser, as the agent of Lytle, to bind Lytle on the purchase of Boyce’s interest in the firm properly.
In 1870, a firm, composed of B. Slusser, Isaac Miller, Louis Boyer, and Edmund Lyt-le, were the owners of a patent right for a new and improved sulky-plow, and also •of certain real estate in the town of Sidney, in Shelby county, Ohio, and, as such partners, were actively engaged in carrying on the manufacturing business of the firm. In June, of that year, the firm was in debt — embarrassed for money — and must close unless funds were obtained shortly. *509 The personal relations of Lytle and Boyer were unfriendly,, so that they were not on speaking terms. At this juncture,. Lytle told his partner, Slusser, they must raise funds or stop business. Slusser told Lytle he thought he had found a man, named Totten, residing at Lebanon, who would buy Boyer’s interest if Boyer would sell. With the consent of Lytle, Slusser saw Boyer, made an arrangement for him to-deed his interest in the real estate of the firm, and assign, his interest in the patent right to Totten. He did so. It ay as arranged through Slusser that Lytle should send the-deed and other papers to Totten, receive the purchase-money from Totten, and use it in paying the debts of the firm. Slusser, Miller, and Lytle executed their time notes,, one of which is the note sued on, to Boyer, and left them with one Hale to be stamped and delivered to Boyer.. During this transaction, Lytle and Boyer had no communication save through Slusser. The deed and papers were-sent by Lytle to Totten, \A’ho declined to receive them, and returned them to Lytle.
Thus matters stood until October, when Slusser returned-from the west, where he had gone immediately after the supposed arrangement Avith Boyer. Slusser and Lytle-Avent to see Totten, but could affect no arrangement Avith him. BetAveen the first and fifth of October, at Slusser’s request, Boyer executed a deed to his co-partners for his interest in the firm property. Lytle testifies that he never-thought of purchasing Boyer’s interest; that it was funds-they wanted, not property. Says substantially that he signed the note to raise money, never intending it to be-used in buying the interest of Boyer for the firm.
We find no testimony in the record directly showing-that Lytle authorized Slusser to purchase Boyer’s interest for the firm, or that he enlarged Slusser’s authority after Boyer had executed the first deed to Totten ; nor that he-directly affirmed the' purchase after it was made. Yet there is testimony tending to shorv that Lytle, at sometime,, spoke of Boyer as being out of the firm, and expressing a- *510 ■ determination that he should never again become a member of it, etc.
Tp raise a consideration for the note, Boyer relies upon .a sale of his interest to his copartners. That his interest was transferred to them is evident. When or by what authority it was purchased does not so clearly appear.
Slusser, as a member of the firm, had clearly no authority to buy ont Boyer and charge his copartners without •their express consent or subsequent ratification, because ¡such transaction was not germain to the business of the firm. Lytle denies conferring such authority on Slusser.
If it should be made to appear that he did, then he is bound by the acts of his agent, otherwise not.
As Lytle denies the purchase ; denies the power of Slus-.ser to bind him; and denies that he executed the note to 'be used in the purchase of the interest of Boyer for him, the authority of Slusser in that behalf, as affecting the consideration of the note, was a material fact, in the case, for the determination of the jury, under proper instructions as to the law.
It was in this view of the questions in the case, that ■ defendant below requested’the court to charge: “That even if the jury believe, from the evidence, that Slusser did purchase the property for himself and Lytle and Miller, yet if the jury believe, from the evidence, that Lytle ■ did not authorize him to do so, Lytle is not bound by such purchase. That if the jury find that in the contract and arrangement, which resulted in the giving of the note in ■suit, the business between Lytie and Boyer was done by Slusser, and that said Slusser had no authority, as a general agent, from said Lytle, beyond that resulting from their relation as general partners in the manufacture of plows, but only an authority to do that particular business, he (Slusser) would be, as far as this case is concerned, a special agent of Lytle in that business, and so far as the jury find that he (Slusser), in doing it, exceeded the authority and instructions given to him by Lytle, Lytle would mot be bound.”
*511 The court refused, and did not give their substantial •equivalent in the general charge. The instructions asked may not be in the best possible form, yet they pertinently •called the attention of the court to a material question in the case, upon which the defendant below had the right to have the jury instructed. As the court refused to give the instructions, as requested, which were substantially correct, and failed to instruct the jury on a material question in the case, we think the court erred.
Other questions are made on the record, and discussed by counsel; but we do not find that other error intervened, in the action of the court of common pleas, to the prejudice of the plaintiff in error.
The judgment of the district court, affirming the judgment of the court of common pleas, is reversed; and this court, now proceeding to render the judgment that the district court should have rendered, adjudges that the judgment of the court of common pleas be, and the same is, reversed.